UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAMILLE LOYA,<br>5005 Benton Heights Avenue<br>Baltimore, Maryland 21206,<br><br>   Plaintiff,<br><br>   v.<br><br>ALEX M. AZAR II,<br>Secretary of Health & Human Services,<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201,<br><br>   Defendant. | Civil Action No. _____ |

## COMPLAINT
### (Employment Discrimination and Retaliation)

### Introduction

1. Plaintiff Camille Loya brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*, 42 U.S.C. § 1981a, and the Civil Service Reform Act, 5 U.S.C. § 7702 to remedy acts of discrimination in employment practices by the U.S. Department of Health and Human Services based on her race (non-Native American) and national origin (Mexico), and both sexual and non-sexual harassment, and in retaliation for her engaging in protected EEO activities.

### Exhaustion of Administrative Remedies

2. Plaintiff has exhausted her administrative remedies by timely filing HHS-ACF-0459-2016 and HHS-ACF-9111-2020. In both complaints, plaintiff alleged race (non-Native American)

and national origin (Mexico) discrimination, sexual harassment, and retaliation for lodging complaints about sexual harassment and sexual misconduct by management. The most recent formal complaint, HHS-ACF-9111-2020 was filed on November 26, 2019, concerns the discriminatory and retaliatory termination of the plaintiff's employment on October 18, 2019, as well as claims of continuing race and national origin discrimination and sexual harassment by plaintiff's immediate supervisors at the Administration for Native Americans ("ANA"), a unit under ACF. This complaint is exhausted because more than 180 days have passed since plaintiff filed HHS-ACF-9111-2020 without an agency decision.

## Jurisdiction

3. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16(c) and the Civil Service Reform Act, 5 U.S.C. § 7702.

## Venue

4. Pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), venue is proper in this judicial district as plaintiff was employed by the U.S. Department of Health and Human Services in the District of Columbia which is where the acts of discrimination complained of took place and where plaintiff's personnel records are maintained by defendant.

## Parties

5. Plaintiff Camille Loya is a female non-Native American of Mexican ancestry, citizen of the United States and of the State of Maryland. She was employed at the U.S. Department of Health and Human Services for 23-plus years – since August of 1995 until the decision to terminate her employment effective October 18, 2019 – the last seven years (2012 to 2019) of which were with

the Administration for Native Americans ("ANA"), which is within the Administration for Children and Families ("ACF"), which is the umbrella organization of the human services side of the U.S. Department of Health and Human Services ("DHHS"). She performed her duties and responsibilities while with the ANA from her office located in Washington, D.C.

6. Defendant Alex M. Azar II is the Secretary of Health and Human Services, and is the head of the U.S. Department of Human Services ("DHHS"), a department within the Executive Branch of the government of the United States that has employed more than 500 persons in each of the last 20 weeks. He is here sued in his official capacity only.

## Statement of Facts

7. Plaintiff is a non-Native American of Mexican descent. She has worked for DHHS since August 1995. By education and training, she is an attorney, and she is a member of the Bar of District of Columbia. Indeed, plaintiff was first employed by DHHS in its Office of General Counsel, serving there for ten years and rising to the position of Assistant Chief Counsel as a GS-15. From 2005 until 2012, she served as a Regional Program Manager in the ACF Office of Head Start, in its American Indian and Alaska Native Region. In 2012, she moved to the ANA, also a part of ACF, initially in the role of Senior Advisor to the ANA Commissioner, also at the GS-15 level. Shortly thereafter, she served simultaneously as the Acting Director of ANA's Division of Policy, Evaluation and Planning ("PEP") and The Director of its Division of Policy. This was from 2013-2014. From the end of 2014, when the ANA's *de facto* establishment of a separate Division of Policy was formalized through publication of a notice to that effect in the Federal Register (on December 4, 2014), plaintiff served solely as the permanent Director of ANA's Policy Division, in a position officially titled as a Supervisory Social Science Analyst, GS-0101-15 (Step 9).

8. At all times applicable to this complaint, plaintiff was under the immediate supervision of Kimberly Romine, ANA's Deputy Commissioner, and Stacey Ecoffey, then ANA's acting Commissioner, served as her second level supervisor. Both Ms. Romine and Ms. Ecoffey are Native Americans, as are the two division directors in ANA other than Ms. Loya.

9. Ms. Loya has been involved in reporting and opposing sexual harassment – and generally prohibited personnel practices involving sexual misconduct – of ANA Deputy Commissioner Kim Romine since 2015 and into 2017. These acts of sexual harassment and other practices involving sexual misconduct by Ms. Romine included unwelcome and aggressive sexual remarks, offensive and intimidating sexual comments, and vulgar, forced and demeaning sexual behavior and impositions. All these actions and statements were taken by Ms. Romine against Ms. Loya in 2015, 2016, and 2017 – and some were also done by Ms. Romine against other females in ANA in this same time frame. With regard to Ms. Loya, – the sexually aggressive statements / actions by Ms. Romine were wholly unrelated to any subject appropriate for the ANA workplace, and appeared to Ms. Loya to be intended to be intentionally provocative on Ms. Romine's part. These offensive actions and statements included, without limitation:

    a. statement by Ms. Romine regarding her husband's sexual limitations and desires;

    b. statement by Ms. Romine regarding the size of her son's "cock" and her view that he "play the field" as she herself had done;

    c. Ms. Romine repeatedly approaching Ms. Loya in her (Loya's) office and aggressively forcing Ms. Loya to listen to her (Romine's) unwelcome stories about how "wild" she was when she was younger and how many "cocks she had inside [her];"

d. Ms. Romine aggressively and repeatedly forcing Ms. Loya to opine about the supposed sexual practices of an ACF staff member named Joshuah Marshall (whom Ms. Romine said she believed to be gay) and, specifically, whether he (Mr. Marshall) enjoyed "sucking cock more than being sucked;"

e. on one occasion, Ms. Romine cornered Ms. Loya in her (Loya's) office to describe the similarity between her (Romine's) former boyfriend's "cock" and a "bratwurst;" when Ms. Loya told Romine to 'get out" of her office, Romine responded: "What's your problem? Tina [another ANA staffer] doesn't mind hearing me talk about sex;"

f. sometime in March 2017, Ms. Romine cornered Ms. Loya at work when she was alone and aggressively subjected her to clearly unwelcome sexual badgering, stating: "I wish Brent [Huggins] didn't walk like he'd just been fucked.. Someone say something to him" – Mr. Huggins being a gay ANA employee;

g. on another occasion, Ms. Romine referred to James Henry, an ACF Office of Child Care employee, by aggressively saying to Ms. Loya that Mr. Henry was "so gay I can't stand to hear him talk; no wonder he's never been promoted; let that be a lesson to you [Ms. Loya];"

h. on yet another occasion, Ms. Romine aggressively asked Ms. Loya if she though Stacey Ecoffey, the acting ANA Commissioner, was gay, stating: "I don't think she's ever had a boyfriend" and telling Ms. Loya "you should find out if she like's you;" and

i. Ms. Romine would repeatedly and aggressively corner Ms. Loya in her (Ms. Loya's) office or in isloated areas at work and subject her to additional unwelcome

oppressive verbal sexual harassment, for example stating that if she (Romine) were younger she would love to sleep with Kevin Penass, a Tribal Tech contractor employee.

10. From 2015 onward, plaintiff complained regularly about Kim Romine's discriminatory treatment of her to Romine's supervisor, then acting ANA Commissioner Stacey Ecoffey, and to Ben Goldhaber, ACF's Deputy Assistant Secretary for Administration. This only resulted in Ms. Romine doubling down on her discriminatory mistreatment of plaintiff in retaliation for such complaints.

11. Kim Romine's sexual harassment of plaintiff, her immediate subordinate, during the period 2015 into 2017, as described herein above, was pervasive, oppressive, demeaning, aggressive, and completely out of place in any work setting – particularly a federal workplace. Moreover, such continuing misconduct had a malicious discriminatory purpose in that it was intentionally designed by Ms. Romine to create a hostile, intimidating, antagonistic and demeaning work environment for Ms. Loya in order to press her to leave her employment with the ANA because she (Loya) is a non-Native American of Mexican ancestry who was complaining about the sexual harassment and discriminatory treatment she was receiving to ANA and ACF top management and because she complained of race-based discrimination against African-American ANA employees by Ms. Romine.

12. Indeed, as a result of Ms. Loya's ongoing efforts to expose and oppose Kim Romine's continuing discrimination against her, including her gross acts of sexual harassment (which were also motivated by her racial and ethnic animus against Ms. Loya), by complaining about such unlawful discriminatory conduct by her supervisor, not only did Ms. Romine increase her discriminatory abuse of plaintiff, but ANA upper management in the person of then acting ANA Commissioner Stacey

Ecoffey, and ACF management in the person of Deputy Assistant Secretary for Administration Ben Goldhaber, with the active cooperation of ACF's Labor and Employee Relations through LER Specialist Margaret Truman, engaged in a multi-year campaign to punish Ms. Loya for her EEO activity.

13. In fact, rather than taking immediate and appropriate action to stop Ms. Romine's sex-based misconduct with regard to plaintiff and her racial and national origin discrimination against her, ANA management in the person of Stacey Ecoffey, then ANA's Acting Commissioner, and ACF management in the person of Ben Goldhaber, Deputy Assistant Secretary for Administration, not only retaliated against Ms. Loya for complaining about Ms. Romine's discriminatory and retaliatory actions and participated in Romine's discrimination and retaliation against Ms. Loya – ultimately by terminating her employment and removing her from the federal service on phoney and wholly invented claims of misconduct which were not supported by a preponderance of evidence, as such, defendant rewarded Ms. Romine for such inappropriate conduct toward a non-Native American, Mexican American female.

## Statement of Claims

### Claim I - Discriminatory Hostile Work Environment and Termination

14. By decisions, actions, and/or omissions as outlined herein above at paragraph numbers 7 through 13, defendant through his subordinates, discriminated against plaintiff on account of her race (non-Native American), national origin (Mexico), and sex (sexual harassment, etc.).

15. As a consequence of the aforementioned unlawful discrimination in employment practices at DHHS, plaintiff has suffered and continues to suffer loss of pay and benefits, career

damage, damage to her reputation and professional standing, personal and professional humiliation and embarrassment, emotional pain and suffering, and a denial of enjoyment of life.

### Claim II - Retaliatory Hostile Work Environment and Termination

16. By decisions, actions, and/or omissions as outlined herein above at paragraph numbers 7 through 13, defendant through his subordinates retaliated against plaintiff because of her prior and ongoing EEO activity.

17. As a result of the aforementioned unlawful retaliation for engaging in protected activity by her managers at DHHS, plaintiff has suffered and continues to suffer loss of pay and benefits, career damage, damage to her reputation and professional standing, personal and professional humiliation and embarrassment, emotional pain and suffering, and a denial of enjoyment of life.

### Prayer for Relief

WHEREFORE, plaintiff prays that this Court enter judgment in her favor and against defendant on all her Title VII claims, and provide her with the following relief:

a. award plaintiff compensatory damages against defendant in the amount of $300,000, plus interest thereon for each violation of her rights;

b. order defendant to restore plaintiff to full duty status retroactive to October 18, 2019, and to provide her with any and all back pay due;

c. provide plaintiff with outstanding annual performance ratings for the period since 2017, with commensurate awards and pay increases and periodic step increases;

d. award plaintiff back pay, with interest thereon, based pay increases since August 1, 2017;


e. order defendant to correct all records, including plaintiff's official personnel folder ("OPF") to document the relief awarded by the Court;

f. enjoin defendant and DHHS management – including ACF management and ANA management – from discriminating and/or retaliating against plaintiff in the future;

g. award plaintiff the costs of bringing and maintaining this action and the administrative charges that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. 2000e-5(k); and

h. award plaintiff such other and further relief as the interests of justice may require.

### Jury Demand

Plaintiff hereby requests a jury trial on all issues of fact and measure of damages.

<div style="text-align: right;">

Respectfully submitted,

*/s/ David H. Shapiro*

David H. Shapiro
D.C. Bar No. 961326
Richard L. Swick
D.C. Bar No. 936931
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.
Suite 205
Washington, D.C. 20005
Tel. (202) 842-0300
Fax (202) 842-1418
Email - dhshapiro@swickandshapiro.com

Attorneys for Plaintiff

</div>